## K. H. BUTLER & CO., Inc., v. A CERTAIN FUND OF MONEY, etc.

(Court of Appeals of District of Columbia. Submitted October 13, 1925. Decided November 2, 1925.)

### No. 4231.

War ⊜12—Repayment of loan between corporations having interlocking directorates held not to raise presumption of fraud; money for repayment being raised personally by sole stockholder of borrowing corporation.

Where corporation A, owned by three German nationals, made substantial loan to corporation B, owned and controlled by A's secretary, who, on Alien Property Custodian's seizure of assets of corporation A, and demand for payment of loan, as security delivered stock of corporation B to Alien Property Custodian, who placed the same directors in charge of both corporations, and such secretary thereafter individually borrowed money to repay loan made to corporation B, and obtained return of stock of corporation B. *held*, on reorganization of corporation B, money paid corporation A could not be recovered in suit by corporation B against Alien Property Custodian, under Trading with the Enemy Act, § 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e), on theory that there had been in fact no loan, but only a wrongful withdrawal of corporate assets of corporation B, and that, in view of the interlocking directorates, the repayment raised a presumption of fraud; there being no evidence to support such an inference.

Appeal from the Supreme Court of the District of Columbia.

Suit by K. H. Butler & Co., Inc., against a certain fund of money, Thomas W. Miller, as Alien Property Custodian, and Frank White, as Treasurer of the United States. From a decree overruling exceptions to the report of the special master, confirming the report and dismissing the bill, plaintiff appeals. Affirmed.

A. K. Nippert, of Cincinnati, Ohio, and William Sabine, of Washington, D. C., for appellant.

D. H. Stanley and Peyton Gordon, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia overruling appellant's exceptions to the report of a special master, confirming that report, and dismissing the bill which had been filed under the provisions of section 9 of the Trading with the Enemy Act (40 Stat. 419 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e]).

The case involves transactions between two New York corporations, appellant K. H. Butler & Co., Inc. (hereinafter referred to as the Butler Company), and the Felix Schoeller Paper Company, Inc. (referred to as the Paper Company); the assets of the latter company having been seized by the Alien Property Custodian. The Paper Company was incorporated on April 15, 1915. Ferdinand Schurmann was elected president and treasurer and Hermann Lange secretary. At the outbreak of the World War and subsequently its entire capital stock was owned by three German nationals residing in Germany.

Prior to the incorporation of the Butler Company on August 10, 1916, the business taken over by that company was owned and conducted by Lange. It was alleged in the bill, the evidence showed, and the special master found that Lange was the sole equitable owner of the entire capital stock of the Butler Company, and its active and sole head. On or about October 5, 1916, an agreement was entered into between these two corporations, whereby the Paper Company was to loan money to the Butler Company to an extent warranted by the business of the latter and within the means of the former. Between October 6, 1916, and September 7, 1917, loans were made under this agreement to the amount of $107,504.55. Subsequently the Alien Property Custodian seized the stock of the Paper Company and caused new directors to be elected. These directors, finding evidence of the indebtedness of the Butler Company, entered into negotiations with Lange looking to the liquidation of that indebtedness, which Lange not only admitted, but undertook to liquidate. To that end Lange turned over the stock of the Butler Company to the new directors as security for such payment, which enabled him to continue the business of the Butler Company.

Thereupon the directors of the Paper Company were elected directors of the Butler Company, and, following this, Lange personally raised the money with which to liquidate this indebtedness and the stock of the Butler Company was returned to him. On this point the special master found: "The evidence in this case shows, and indeed the plaintiff's own allegation is, that the money which was paid by the Butler Company to the Paper Company was raised by Lange personally, and there is no evidence whatever that any coercion or duress was practiced upon him in the endeavor to get him to raise it. The allegation of the bill is that Lange 'was allowed to cause the plaintiff' to borrow this money. The evidence indicates that he

borrowed the money individually, and so far as this record discloses there is nothing to induce the belief that he was not as anxious as were the Alien Property Custodian's directors to see that the money was paid."

Subsequently there was a reorganization of the Butler Company, and this suit was filed upon the theory that Lange borrowed no money from the Paper Company, but, instead, with, the aid of Schurmann, wrongfully withdrew that amount from its assets, and that, inasmuch as there was an interlocking directorate when the money was recovered from the Butler Company, the situation "raised a presumption of fraud, and placed upon the Paper Company the burden of proving the propriety and fairness of the transaction."

We see no escape from the conclusion reached by the learned trial justice. At the time of the transaction between the two companies resulting in the loan, Lange was in legal contemplation the Butler Company. He not only was the owner of all its stock, but its active head, authorized to negotiate the loan. The loan was made prior to the seizure of the Paper Company by the Alien Property Custodian, the materiality of which seems to have been overlooked by counsel for appellant. Lange himself liquidated the indebtedness. There is not a word of evidence even tending to refute this established fact. The stock of his company was returned to him and the transaction closed. Yet we are asked to presume that he borrowed no money from the Paper Company, and that the money he subsequently paid was obtained from the assets of the Butler Company, although there is no evidence upon which to base such an inference.

We conclude, therefore, that it is quite immaterial where the burden of proof rested, since the decree was right under any view of the case, and accordingly is affirmed, with costs.

Affirmed.